

# THE ATTORNEY GENERAL
# OF TEXAS

May 6, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Garry Mauro
Chairman
Veterans Land Board
1700 N. Congress
Austin, Texas   78701

Opinion No.   JM-897

Re:     Additional   questions
relevant   to   Attorney General
Opinion JM-774 (1987) on paid-
in-full deed fee on   contracts
subject to   Veterans Land  Act
(RQ-1275)

Dear Mr. Mauro:

You ask:

> 1.   May the Veterans Land Board impose  a
> paid-in-full deed  fee on  [veterans'   land]
> contracts   entered   into   before   1961    but
> assumed by a new purchaser after 1961?    All
> contract assignments  since   1961   are   made
> subject   to   the   Veterans   Land   Act,    'as
> amended.'

> 2.   May the  Veterans Land  Board  impose
> the current  $80  paid-in-full deed  fee  on
> contracts   or    assignments    of    contracts
> entered into   after   1961 or   is   the   board
> limited to the fee authorized by statute   at
> the time the contract is entered into?

As you indicated in  your request, these questions  relate
to the   question dealt  with  in  Attorney General  Opinion
JM-774 (1987).   There,  we  ruled that   imposition  of  a
paid-in-full deed fee, which was not adopted by statute or
rule until  1961,  would  constitute  an  unconstitutional
impairment of  contracts   if  applied  to  contracts  made
before 1961 when no such  fee was provided for by  statute
or by  rule.  U.S.  Const.  art.  I,  §10.  See also  Tex.
Const. art. I, §16.

In our opinion,  the issues you  now present are  for
the most part resolved by  reference to JM-774 (1987)  and
the authorities cited  there.  Absent  clear agreement  to

the contrary, parties to a contract are bound by the terms of the contract entered into and by the laws relating to its subject matter that are in effect at the time of its making.

Attorney General Opinion JM-774 held that as the pre-1961 contracts themselves and the statutes and rules then in effect were silent as to the purchasers' obligations to pay a paid-in-full deed fee, imposition of paid-in-full deed fees set by later statutes or rules would unconstitutionally impair the contracts. Regarding post-1961 contracts as well, the contract's own terms taken together with the statutes and rules in effect at the time of its making govern the obligations under the contract absent clear agreement to the contrary.

We note that the relevant provisions contained in the sample original contracts we have seen consist of:

> 1. statements that the contract is made pursuant to a statute (currently chapter 161 of the Natural Resources Code) and rules adopted by the Veterans Land Board;

> 2. statements that the parties are bound by the provisions of such statutes and rules; and

> 3. statements that the statute, 'as amended,' shall be binding on the parties.

It is our opinion that where there are no provisions regarding controlling statutes, or where there is a citation of a statute, or of a statute "as amended," the controlling law can only be that in effect, and "as amended," at the time the contract was made.[1] In such

---

1. "As amended" could arguably be deemed to refer to the statute and rules as they will be amended in the future. But in light of the rule that ambiguous contract language is construed against the drafter thereof (the board here), and given that "as amended" is standard language appended to references to an act or rule to indicate as amended to the present, we consider that a contract statement that the purchaser or assignee is subject to an act or rule "as amended" can, in itself,
(Footnote Continued)

cases, to apply to the contract a fee statute or rule enacted or promulgated after the making of the contract would unconstitutionally impair it.

None of the exceptions to the impairment rule set out in JM-774, e.g., in the cases where legislative enactments are in the "public interest," or where the exceptions turn on the distinction between impairment of rights and impairment of remedies, are any more apposite here than they were held to be in the context of the very similar issues presented in Attorney General Opinion JM-774.

Thus, it is our opinion that original contracts, making references to the controlling statutes in the manner indicated above, and executed after 1961, are subject only to the fee which was provided for by the statute or rule at the time the contract was made.

You also ask what paid-in-full deed fees, if any, assignees of such contracts could be made liable for. From the foregoing discussion, it follows that an assignment contract referencing the controlling statute and rules as they were referenced in the original contract provisions discussed above does not subject the assignee to fees or fee increases enacted or promulgated after the assignment was made.

The issue, then, is whether the assignee is subject to the law in force at the time of the assignment or to that in force at the time the original contract was made, with respect to the deed fee, where the assignment contract made reference to controlling statutes or rules in the manner discussed above with respect to the original contracts. We feel that determination of this issue may be made only with reference to particular contracts and pertinent rules: what paid-in-full deed fee, if any, an assignee may be made liable for depends on whether the particular assignment and underlying contract, taken together with the pertinent statutes and rules, show that the assignment constituted a new contract with respect to the obligation of the assignee to pay a deed fee, or show a waiver by the assignee of the right under the original

---

(Footnote Continued)
only bind the purchaser or assignee to the provisions of such act or rules as amended up to the time of the making of the contract.

contract to obtain the deed without paying a fee or increased fee, etc.

We note, however, that, in examining the various sample contracts and assignments supplied by the board to us per our request,we have found some sample assignment contracts which provide that the assignee "agrees to comply with the statutes, rules and regulations governing the Veterans Land Board, <u>as they may be, from time to time</u>" (emphasis added). We think that by assenting to such provisions in the assignment contract, an assignee could be deemed to obligate himself to pay whatever deed fee is in effect under rule or statute at the time he obtains his paid-in-full deed. Again, though, the overall effect of an assignment transaction can only be determined by reference to the assignment contract as a whole, the underlying original contract, and pertinent statutes and rules in effect at all relevant times. It is in any case our opinion that an assignee (or original purchaser for that matter, although we have seen no original contracts referring to <u>future</u> controlling statutes and rules as do the sample assignment contracts mentioned above) could obligate himself to pay the fee in effect at the time he obtains his deed in the future where the contract clearly indicates such. <u>See, e.g.</u>, <u>Newman v. Supreme Lodge, Knights of Pythias</u>, 70 So. 241 (Miss. 1915).

### S U M M A R Y

The extent of the obligation of a purchaser or assignee under a veterans land contract to pay a paid-in-full deed fee is determined by the pertinent statutes and rules in effect at the time of the making of the contract, unless the contract documents clearly show the parties' agreement to be subject to paid-in-full deed fees as they are in effect subsequently.

Whether an assignee, under an assignment contract not clearly indicating the parties agreement to be bound by deed fees as they will be in effect in the future, is obligated to pay the deed fee in effect at the time of the original contract or to pay that in effect at the time of the assignment depends on whether all pertinent documents and rules taken together indicate that the assignment contract is a new contract at least with respect to the deed fee, that the

assignee has waived a right under the original contract to obtain the deed without paying a fee or increased fee, etc.

Where a contract so provides, a purchaser or assignee may obligate himself to pay a deed fee enacted or promulgated at a time subsequent to the making of the contract.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General